

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Newell Cambron
County Auditor
Hopkins County
Sulphur Springs, Texas

Dear Sir:

Opinion No. 0-7308

Re: Whether City Commission of
City of Sulphur Springs
legally may sit as a Board
of Equalization.

We acknowledge your letter dated July 19, 1946, where-
in you request an opinion of this department concerning the fol-
lowing question: May the City Commission of the City of Sulphur
Springs, Texas, legally sit as a Board of Equalization?

Acts 1937, 45th Legislature, General and Special Laws,
Second Called Session, H. B. 110, page 1946, recorded as Article
1048 in Vernon's Annotated Civil Statutes, reads as follows:

"Be it enacted by the Legislature of the State of Texas:

"Section 1. That Article 1048 of the Revised Civil
Statutes of Texas, 1925, be and the same is hereby amended
to read as follows:

"Article 1048. The councils of cities and towns in-
corporated under the General Laws shall within their dis-
cretion act as a Board of Equalization. Said councils of
such cities and towns shall annually at their first meet-
ing or as soon thereafter as practical exercise such dis-
cretion, and if they so determine they shall have the au-
thority to appoint three (3) commissioners, each a quali-
fied voter, a resident, and property owner of the city or
town for which he is appointed who shall be styled the
Board of Equalization. At the same meeting said council
shall by ordinance fix the time for the meeting of such
Board. Before said Board enters upon its duties, it shall
be sworn to faithfully and impartially discharge all duties
incumbent upon it by law as such Board.

"Section 2. The fact that under the existing Statutes
the councils of cities and towns incorporated under the

424

Honorable Newell Cambron, page 2

General Laws can only have their assessments equalized by appointing persons other than themselves to act as a Board of Equalization, and the fact that if councils of cities were given the discretion of either acting themselves in said capacities, as well as having the authority to appoint persons other than themselves as a Board of Equalization would bring about a better and a more efficient assessment of taxes in certain cities, create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and the same is hereby suspended, and this Act shall be in full force and effect from and after its passage, and it is so enacted."

Prior to the amendment of Article 1048, Revised Civil Statutes of 1925, by the Acts of 1937 above quoted, this Article read in part as follows:

"The city council of cities and towns incorporated under the General Laws shall annually at their first meeting or as soon thereafter as practicable, appoint three commissioners, each a qualified voter, a resident and property owner of the city or town for which he is appointed, who shall be styled the Board of Equalization. . . ." (Underscoring ours)

Under the provisions of the quoted 1937 Act, the City Council is authorized to act as a Board of Equalization; our answer to your submitted question is, therefore, in the affirmative in accordance with said law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Chester E. Ollison

Chester E. Ollison
Assistant

CEO:fb       W. T. Geppert


APPROVED OPINION COMMITTEE BY BWB CHAIRMAN